UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.1:99 CR 288 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CHRISTOPHER L. PROWELL, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Mr. Prowell's Motion for Relief Under 28 U.S.C. § 2255.   Mr. Prowell has argued that he is entitled to re-sentencing because his sentence was enhanced based on a finding that he had two or more convictions for "crimes of violence," which qualified him as a career offender under Section 4B1.2 of the United States Sentencing Guidelines ("the Guidelines").  A "crime of violence" under the Guidelines is defined as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that --
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

United States Sentencing Commission, Guidelines Manual ("USSG") §4B1.2(a)(2) (Nov. 2006). Mr. Prowell's prior crimes were only eligible to be counted as "crimes of violence"because they were determined to be "conduct that presents a serious potential risk of physical injury to another."  This category within the definition of "crimes of violence" under the Guidelines has become known as the "residual clause."

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551, 1192 L. Ed. 2d 569 (2015), which found that the identically defined residual clause in the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. §924(e)(2)(B) was unconstitutionally vague.   In a follow-up case, *Welch v. United States*, 136 S. Ct. 1257, 1268, 194 L. Ed.2d 387 (2016), the Supreme Court determined that the rule announced in *Johnson* was substantive and should be applied retroactively.   Relying on *Johnson*, the Sixth Circuit decided that the invalidation of the residual clause in the ACCA required invalidation of the residual clause under the Guidelines as well.  *United States v. Pawlak*, 822 F.3d 902, 903 (6th Cir. 2016). In coming to this conclusion, the *Pawlak* court noted that "the only reason *Johnson* would not compel the same result [for the Guidelines] is if the Guidelines were immune from vagueness challenges."  *Id* at 905.  On the basis of these cases, Mr. Prowell claims that his sentence was imposed in violation of the Constitution of the United States.

Subsequent to the Sixth Circuit's holding in *Pawlak*, however, the United States Supreme Court took on the issue of whether the *Johnson* rule and reasoning invalidating the residual clause under the ACCA also applies to invalidate the residual clause under the Guidelines in the case of *Beckles v. United States*, — U.S. — (March 6, 2017).  *Beckles* held that *Johnson* does not, in fact, apply to invalidate sentences enhanced under the residual clause of the Guidelines.   The Court in *Beckles* found that

[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences.  To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range.  Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.  The residual clause in §4B1.2(a)(2) therefore is not void for vagueness.

*Beckles* , at pg. 5.

Based on the holding in *Beckles*, the residual clause in the Guidelines remains a legal and constitutional basis upon which to determine Mr. Prowell's sentence, and he is, therefore, not entitled to relief.  *Johnson* does not apply to his case, and any other potential claims are time barred.  28 U.S.C. §2255(f); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).   The Motion to Vacate (ECF #18), is DENIED, and this case is terminated.

   IT IS SO ORDERED.


 /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge


DATED:   March 17, 2017