UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.1:99 CR 288 |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CHRISTOPHER PROWELL, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Mr. Prowell's Motion for Reconsideration of Memorandum Opinion And Order Under Fed. R. Civ. P. 59(E). (ECF #26). Mr. Prowell has argued that he is entitled to reconsideration because the Court based its decision denying relief on the Supreme Court's holding in *Beckles v. United States*, __ U.S. __, 197 L. Ed. 2d 145 (2017). He argues that *Beckles* does not apply to defendants who were sentenced under the mandatory Sentencing Guidelines in place prior to *United States v. Booker*, 543 U.S. 220 (2005).

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551, 1192 L. Ed. 2d 569 (2015), which found that the identically defined residual clause in the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. §924(e)(2)(B) was unconstitutionally vague. In a follow-up case, *Welch v. United States*, 136 S. Ct. 1257, 1268, 194 L. Ed.2d 387 (2016), the Supreme Court determined that the rule announced in *Johnson* was substantive and should be applied retroactively. Subsequently, in the case of *Beckles v. United States*, — U.S. — (March 6, 2017), the United States Supreme Court took on the issue of whether the *Johnson* reasoning, invalidating the residual clause under the ACCA, also applies to invalidate

the residual clause under the Guidelines. *Beckles* held that *Johnson* does not, in fact, apply to invalidate sentences enhanced under the residual clause of the "advisory Guidelines." The Court in *Beckles* found that

> [u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness.

*Beckles* , at pg. 5.

Justice Thomas, writing for the majority, and Justice Sotomayor, in her concurring opinion, both clarified that Court's opinion in *Beckles* specifically addressed only the "advisory Guidelines" and did not decide whether *Johnson* applied to the mandatory guidelines used in pre-*Booker* sentencings.

The parties agree that Mr. Prowell was originally sentenced in December of 1999, under the pre-*Booker* mandatory guidelines. He did not appeal his conviction or sentence, and has filed no prior motion under §2255. The parties also agree that the United States Supreme Court has not determined whether the residual clause of the career-offender designation in the pre-*Booker* guidelines is subject to invalidation under the reasoning set forth in *Johnson*.

Pursuant to 28 U.S.C. §2255(f)(1), a §2255 motion must be filed within one year "of the date on which the judgment of conviction becomes final." Because he did not file an appeal of his conviction or sentence, Mr. Prowell's judgment became final after his time for noticing an appeal expired. This would have been on January 4, 2000. Section 2255 also provides, however, that a petition may also be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

The *Johnson* case held that the specific language used in the residual clause of the ACCA was unconstitutionally vague. In *Welch v. United States*, the Supreme Court found that *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. 136 S. Ct. 1257, 1265 (2016). Therefore, a claim to enforce the right to re-sentencing based on the invalidated language in the ACCA is timely if filed within a year of that decision. However, the United States Supreme Court has not definitively answered the question of whether the same language *Johnson* found unconstitutional withing the ACA is also unconstitutional as it was used within the pre-*Booker* Sentencing Guidelines.

In the Sixth Circuit case of *Raybon v. United States of America*, Case No. 16-2522, recently decided on August 14, 2017, the court held that a challenge to the *Johnson* language, as applied to the pre-*Booker* Sentencing Guidelines, was untimely under 28 U.S.C. §2255(f)(3). The *Raybon* court held that because the question of whether Johnson "applies to the mandatory guidelines, which contain identical language as the ACAA provision at issue in *Johnson 2015*, is an open question" . . . "it is *not* a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" *Raybon*, at pg. 5. This Court is bound by the holdings of the Sixth Circuit, and must, therefore, find that Mr. Prowell's petition is also untimely under 28 U.S.C. §2255(f)(3).

For the reasons set forth above, Mr. Prowell's motion for reconsideration is, hereby, DENIED. IT IS SO ORDERED.

                                                  /s/ Donald C. Nugent
                                                  DONALD C. NUGENT
                                                  United States District Judge

DATED: August 29, 2017